UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                          :
UNITED STATES OF AMERICA                 :
                                                          :          CASE NO. 1:12-CV-688
                        Plaintiff,                       :
                                                          :
vs.                                                       :          OPINION & ORDER
                                                          :          [Resolving Doc. 34]
TERRY L. FORTUNE, *et al*                :
                                                          :
                        Defendants.                   :
                                                          :
------------------------------------------------------


JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this tax case, the United States seeks to reduce certain tax assessments to judgment, some

$214,944.43 plus interest accruing after January 7, 2013.  The government now moves for summary

judgment.[1/]  Mr. Fortune, does not respond, presumably because he is currently undergoing treatment

for a serious medical condition.[2/]  Because the government presents a prima facie case of Mr.

Fortune's debts, which he does not rebut, the Court **GRANTS** the government's motion.

### I. Background

The government says that the Fortunes, a now divorced couple, owe $219,443.43 in unpaid

taxes and penalties as of January 7, 2013.[3/]  The government says that the IRS conducted an audit

---

[1/][Doc. 34.]

[2/][Doc. 36.]  The pleadings also include RBS Citizens, N.A., Charter One Mortgage Corp., and the State of Ohio as defendants.  [Doc. 1.]  These parties are leinholders on Mr. Fortune's residence at 1023 Richmond Road, Lyndurst, OH.  In an earlier order, the Court dismissed Rhea Fortune as a defendant following a settlement, leaving only Terry Fortune as a party to the tax debts.  [Doc. 45.]

[3/][Doc. 34-18.]

Case No. 1:12-CV-688
Gwin, J.

of the Fortunes taxes for 1996 and 1997.[4/]  After conducting its audit it proposed increasing the

Fortunes' tax liabilities by $170,156.00 and $199,443.00 for 1996 and 1997, respectively.[5/]  The

government acknowledges that Mr. Fortune satisfied the 1996 debt.[6/]  It says, however, that Mr.

Fortune never paid the 1997 debt, initially assessed as $55,918 as of March 22, 2002.  As proof of

the debt, it submits the Internal Revenue Service assessment.[7/]

## II.  Legal Standard

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file,

and any affidavits show that there is no genuine issue as to any material fact and that the movant is

entitled to judgment as a matter of law."[8/]  As the moving party, the government has the initial

burden of showing the absence of a genuine issue of material fact as to an essential element of the

Defendants' case.[9/]  "A fact is material if its resolution will affect the outcome of the lawsuit."[10/]  The

government meets its burden by "informing the district court of the basis for its motion, and

identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine

---

[4/][Doc. 34-6.]

[5/][Doc. 34-6 at 1.]

[6/][Doc. 34-1 at 3.]

[7/][Doc. 34-3.]

[8/]*Daugherty v. Sajar Plastics, Inc.*, 544 F.3d 696, 702 (6th Cir. 2008).

[9/]*See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[10/]*Martingale, LLC v. City of Louisville*, 361 F.3d 297, 301 (6th Cir. 2004).

Case No. 1:12-CV-688
Gwin, J.

issue of material fact."[11]

Once the government satisfies its burden, the burden shifts to the Defendant to set forth specific facts showing a triable issue.[12]  It is not sufficient for the Defendants to show that there is some existence of doubt as to the material facts.[13]  Nor can the Defendants rely upon mere allegations or denials of its pleadings.[14]  In responding to a summary judgment motion, Defendant "cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must present affirmative evidence in order to defeat a properly supported motion for summary judgment."[15]

In deciding a motion for summary judgment, the Court views the factual evidence and draws all reasonable inferences in favor of the non-moving party.[16]  "The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence that makes it necessary to resolve the parties' differing versions of the dispute at trial."[17]  Ultimately the Court must decide "whether the evidence presents sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail

---

[11]/*Celotex Corp.*, 477 U.S. at 323 (quoting Fed. R. Civ. P. 56(c)).

[12]/*See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[13]/*See id.* at 586.

[14]/Fed. R. Civ. P. 56(e).

[15]/*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1477 (6th Cir. 1989) (internal quotation omitted).

[16]/*Thomas v. Cohen*, 453 F.3d 657, 660 (6th Cir. 2004) (citations omitted).

[17]/*60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)).

Case No. 1:12-CV-688
Gwin, J.

as a matter of law."[18]

### III.  Analysis

Following assessment, the government may reduce the assessment to judgment and thereby exercise the rights of a judgment creditor.[19]  A determination of tax liability by the Internal Revenue Commissioner is "presumptively correct and places the burden of producing contrary evidence upon the taxpayer."[20]  A certificate of assessment typically suffices to establish a prima facie case against the Defendant.[21]  Unless the taxpayer creates a material issue of fact as to the validity of the assessment, the government is entitled to summary judgment.[22]

Here, the government files a certificate of assessment as to Terry Fortune of $124,885.47.[23] By reasons not entirely clear, but nonetheless declared under oath, as of January 7, 2013, this amount ballooned to $214,944.43.[24]  These documents are sufficient to create a prima facie case of the debt owed.  Terry Fortune does not respond to the request for summary judgment, again, presumably because he is suffering from a serious medical condition.[25]  Absent some rebuttal, the government

---

[18]*Martingale*, 361 F.3d at 301.

[19]*See United States v. Rodgers*, 461 U.S. 677, 682 (1983).

[20]*United States v. Walton*, 909 F.2d 915, 918 (6th Cir.1990).

[21]*See United States v. Barretto*, 708 F. Supp. 577, 579 (S.D.N.Y. 1989).

[22]*Id*.

[23][Docs. 34-3.]  The Court admits some difficulty in discerning the timing of certain assessments in this document.  The document seems to have been prepared January 20, 2012, but not reflect any changes since 2004.  Yet the Court doubts that the debt could have ballooned from $124,885.47 to $214,944.43 in just under a year.  Nonetheless, as this statement goes unrebutted, these ambiguities are not fatal.

[24][Doc. 34-18.]

[25][Doc. 37.]

Case No. 1:12-CV-688
Gwin, J.

is entitled to judgment.[26/]

### IV.  Conclusion

For the reasons above, the Court **GRANTS** the government's motion for summary judgment and enters judgment against Mr. Fortune in the amount of $214,944.43 plus interest accruing after January 7, 2013.  Further, the Court **ORDERS** the government to submit a proposed order requesting a judgment decree and foreclosure on the Richmond Road Property for the Court's approval and in full accordance with General Order 2006-16(a)(6) of the Northern District of Ohio.

IT IS SO ORDERED


Dated: March 18, 2013                          s/         *James S. Gwin*
                                               JAMES S. GWIN
                                               UNITED STATES DISTRICT JUDGE

---

[26/]With his answer, Mr. Fortune submitted excerpts of "Account Transcripts" from the IRS apparently showing an account balance of $0.00 for the disputed year.  [Doc. 15-2.]  The Court ordered the government to brief the import of this document.  [Doc. 47.]  In response, the government explains that when only one of two spouses contests a joint return in Tax Court, the IRS will set up "separate assessment accounts."  While Mr. Fortune's "Account Transcript" relates to the joint account, it does not relieve him of the burden in his separate assessment account.  [Doc. 48-1.]