```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                          :
UNITED STATES OF AMERICA                  :
                                          :   CASE NO. 1:12-CV-688
              Plaintiff,                  :
                                          :
vs.                                       :   OPINION & ORDER
                                          :   [Resolving Doc. 50]
TERRY L. FORTUNE, et al                   :
                                          :
              Defendants.                 :
                                          :
-------------------------------------------------------
```

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

In this tax case, the Court granted the government's motion for summary judgment against Mr. Fortune and entered judgment against Mr. Fortune in the amount of $214.944.43 plus interest accruing after January 7, 2013.[1] Because the Government seeks to collect on the debt by foreclosing Mr. Fortune's home and property, the Court ordered the Government to submit a proposed order requesting a judgment decree and foreclosure on the Richmond Road Property for the Court's approval and in full accordance with General Order 2006-16(a)(6) of the Northern District of Ohio.[2] The Government now suggests that 26 U.S.C. § 7403 exempts it from complying with the Northern District's foreclosure procedures because this case is not a diversity action.[3] Because the Court meant what it said when it ordered the Government to comply with General Order 2006-16(a)(6) of the Northern District of Ohio, the Court **DENIES** the Government's motion for the entry of final judgment and order for a sale. The Court again orders the Government to submit a proposed order

---

[1] [Doc. 49.]

[2] [Doc. 49 at 5.]

[3] [Doc. 50.]

Case No. 1:12-CV-688
Gwin, J.

requesting a judgment decree and foreclosure on the Richmond Road Property for the Court's approval and in full accordance with General Order 2006-16(a)(6) of the Northern District of Ohio.

Title 26, section 7403 of the United States Code provides that the Government may file a civil action to enforce a tax lien on real property.[4]  That section also specifies that the Court

> *shall*, after the parties have been duly notified of the action, proceed to adjudicate all matters involved therein and finally determine the merits of all claims to and liens upon the property, and, in all cases where a claim or interest of the United States therein is established, *may* decree a sale of such property, by the proper officer of the court, and a distribution of the proceeds of such sale according to the findings of the court in respect to the interests of the parties and of the United States. . . .[5]

The Supreme Court recognized that "§ 7403 does not require a district court to authorize a forced sale under absolutely all circumstances, and that some limited room is left in the statute for the exercise of reasoned discretion."[6]  In this case, the Court interprets this discretion to include the procedures through which the sale takes place.

Mr. Fortune does not ask this Court to exercise its discretion to stay foreclosure sale of his residence, nor, for that matter, does he respond to the Governments motions at all, presumably because he is currently suffering from a serious medical condition.  Indeed, such an argument for exemption would likely be unavailing, as "[t]here are 'virtually no circumstances . . . in which it would be permissible to refuse to authorize a sale simply to protect the interests of the delinquent taxpayer himself or herself.'"[7]

---

[4] 26 U.S.C. § 7403(a).

[5] 26 U.S.C. § 7403(c) (emphasis added).

[6] *United States v. Rodgers*, 461 U.S. 677, 706 (1983); *see also United States v. Winsper*, 680 F.3d 482, 488 (6th Cir. 2012).

[7] *Id.* at 488-89 (quoting *Rodgers*, 461 U.S. at 711).

Case No. 1:12-CV-688
Gwin, J.

Nonetheless, the Court here exercises its reasoned equitable discretion to determine the procedures by which the Government may conduct the sale.  In the interests of uniformity of sales in this judicial district, the Court reaffirms its earlier order today.  "[T]he definition of underlying property interests is left to state law."[8/]  Accordingly, there Court finds that these interests should also be extinguished in conformity with state law.

For the foregoing reasons, the Court **DENIES** the Government's motion for the entry of final judgement and order for a sale and again **ORDERS** the Government to submit a proposed order requesting a judgment decree and foreclosure on the Richmond Road Property for the Court's approval and in full accordance with General Order 2006-16(a)(6) of the Northern District of Ohio.

IT IS SO ORDERED


Dated: March 22, 2013                                s/    *James S. Gwin*
                                                    JAMES S. GWIN
                                                    UNITED STATES DISTRICT JUDGE

---

[8/] *Rodgers*, 461 U.S. at 683.

-3-