UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
-------------------------------------------------------
                                                :
UNITED STATES OF AMERICA,                       :
                                                :       CASE NO. 1:12-CV-688
                      Plaintiff,                :
                                                :
         vs.                                    :       OPINION & ORDER
                                                :       [Resolving Doc. 58]
TERRY L. FORTUNE *et al.*,                      :
                                                :
                      Defendants.               :
                                                :
-------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

         In this tax case, on March 22, 2013, the Court granted the government's motion for summary

judgment against Mr. Fortune and entered judgment against Mr. Fortune in the amount of

$214,944.43 plus interest accruing after January 7, 2013.[1]  On April 17, 2013, the Court entered a

final judgment and decree of foreclosure and on June 19, 2013, appointed a master commissioner

to proceed with the sale of two properties owned by Mr. Fortune.[2]  After the final judgment and

appointment of the master commissioner, the government learned that Mr. Fortune had likely died.[3]

         The sale of the properties has not taken place yet.

         On March 24, 2014, Defendant RBS Citizens, N.A., which is the successor by merger of

Defendant Charter One Mortgage Corp., moved the Court for leave to file an amended answer and

crossclaim against Mr. Fortune.[4]  RBS Citizens seeks leave to assert crossclaims relating to two

---

[1]Doc. 49.

[2]Doc. 53 (Final Judgment - Decree of Foreclosure); Doc. 55 (appointing master commissioner).

[3]Doc. 56.

[4]Doc. 58.

Case No. 1:12-CV-688
Gwin, J.

promissory notes and mortgages to the two properties the Court has ordered be sold.[5/]

The United States opposes the motion.[6/]

The Court **DENIES** Defendant RBS Citizens's motion.

This Court entered final judgment on April 17, 2013.[7/]  Because the Court must reopen the case in order to grant leave to file an amended answer and crossclaim, Defendant's motion must satisfy the requirements of Civil Rules 59 or 60.[8/]  Here, the motion is untimely under Rule 59(e), and the Court finds that relief under Rule 60(b) is unwarranted.

Only two of the Rule 60(b) grounds are possibly applicable in this case: mistake, inadvertence, surprise, or excusable neglect and the catch-all provision.[9/]  The Court does not find that these grounds require reopening the case.

First, Mr. Fortune has died.  He is not capable of defending a reopened case.  No representative of his estate has been appointed.  As soon as a representative is appointed, the government has said it will proceed with the sale of the properties.[10/]

Second, the final judgment in this case adequately protects RBS Citizens's interests in the properties.  RBS Citizens will receive the proceeds from the sale according to its lien priority.[11/]

---

[5/]Doc. 58-2.

[6/]Doc. 59.

[7/]Doc. 53.

[8/]*See C & L Ward Bros., Co. V. Outsource Solutions, Inc.*, No. 13-1435, 2013 WL 6247356, at *2 (6th Cir. Dec. 3, 2013).

[9/]Fed. R. Civ. P. 60(b)(1) & (6).

[10/]Doc. 59 at 6.

[11/]*See* Doc. 53 at 5 ¶15, 6-7 ¶ 18.

Case No. 1:12-CV-688
Gwin, J.

Therefore, no reason exists to justify reopening this case.

IT IS SO ORDERED


Dated: April 7, 2014                                        s/          *James S. Gwin*
                                                           JAMES S. GWIN
                                                           UNITED STATES DISTRICT JUDGE

-3-